UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CLEMENT ALLARD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil No. 08-320-B-W<br>Crim. No. 07-11-B-W-001 |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Clement Allard has filed a 28 U.S.C. § 2255 motion in which he argues that he is entitled to a mitigating circumstances downward departure from his sentence because of the immigration consequences of his conviction and he asserts that his attorney was ineffective in not pressing this argument during sentencing. Allard relies in part on Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005) in pressing this argument that the Court had the discretion to further depart based on his immigration status. The United States having complied with my order to supplement the record with the sentencing transcript. I now recommend that the Court summarily dismiss this motion pursuant to Rule Governing Section 2255 Proceedings 4(b).

*Discussion*

The First Circuit summarizes the standard for analyzing ineffective assistance claims stemming from a federal prosecution as follows:

> "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). In order to prevail, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but

> for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In other words, a defendant must demonstrate both seriously-deficient performance on the part of his counsel and prejudice resulting therefrom. …
>     Although the Supreme Court in Strickland discussed the performance prong of an ineffectiveness claim before the prejudice prong, the Court made clear that "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. As the Court noted: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

United States v. De La Cruz, 514 F.3d 121, 140-41 (1st Cir. 2008).

With respect to Allard's challenge, three tenants of 28 U.S.C. § 2255 review are relevant. First: "Under the first prong of Strickland, there is a 'strong presumption' that counsel's strategy and tactics fall 'within the range of reasonable professional assistance,' and courts should avoid second-guessing counsel's performance with the use of hindsight." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (quoting Strickland, 466 U.S. at 689).   Second, "counsel was under no obligation to raise meritless claims.  Failure to do so does not constitute ineffective assistance of counsel." Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (citations omitted).  And, third, "when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's [criminal proceedings], the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

On the face of the Pre-sentence Investigative Report, there is no record that Allard's attorney made effort to argue for any mitigation based on immigration status; the report does contain the requirement that Allard surrender to immigration officials after serving his sentence as a special condition.  (PSI at 14.)   The sentencing transcripts reveal that the Court was well aware of the immigration aspect of the case, (see Sentencing Tr. at 3, 44) and that Allard faced

deportation (id. at 43 -44).  There was no discussion of mitigation.  The amended judgment sets forth the surrender to immigration authorities as an additional supervised release term.  (Am. J. at 4, Doc. No. 178.)

In short, while there is no indication that Allard's counsel attempted to seek this mitigation, there is also no indication on this record that the Court would have been inclined to embrace a mitigation argument premised on Allard's immigration status had counsel raised one. See Acha, 910 F.2d at 32.  That said, if the sentencing judge believes that a further reduction in sentence would have occurred had the argument been presented, then further inquiry into counsel's performance under Strickland would be in order and the Government would have to be ordered to respond to the petition.  See McGill,11 F.3d at 225.

## *Conclusion*

For the reasons above I recommend that the Court dismiss Allard's 28 U.S.C. § 2255 motion pursuant to Rule Governing Section 2255 Proceedings 4(b).  I further recommend that a certificate of appealability should not issue in the event Allard files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 20, 2008

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge